# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

Argued February 12, 2007         Decided April 20, 2007

No. 05-1411

CONNECTICUT DEPARTMENT OF PUBLIC UTILITY CONTROL,
PETITIONER

v.

FEDERAL ENERGY REGULATORY COMMISSION,
RESPONDENT

NEW ENGLAND POWER POOL PARTICIPANTS COMMITTEE, ET
AL.,
INTERVENORS

---

On Petition for Review of an Order of the
Federal Energy Regulatory Commission

---

*Randall L. Speck* argued the cause and filed the briefs for petitioner.

*John S. Wright* and *Michael C. Wertheimer*, Assistant Attorneys General, Attorney General's Office of State of Connecticut, were on the brief for intervenor Richard Blumenthal, Attorney General for the State of Connecticut.

*James Bradford Ramsay* was on the brief for *amicus curiae* National Association of Regulatory Utility Commissioners.

*Samuel Soopper*, Attorney, Federal Energy Regulatory Commission, argued the cause for respondent. With him on the brief were *John S. Moot*, General Counsel, and *Robert H. Solomon*, Solicitor.

*Allan B. Taylor* was on the brief for intervenor New England Power Pool Participants Committee. *Scott P. Myers* entered an appearance.

*Kathleen A. Carrigan, Clinton A. Vince*, *Sherry A. Quirk*, *J. Cathy Fogel*, and *Sandra Barbulescu* were on the brief for intervenor ISO New England Inc. *Robin E. Remis* entered an appearance.

Before: TATEL and GARLAND, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: ISO New England, Inc. (ISO-NE) administers New England's electricity grid pursuant to both a Federal Energy Regulatory Commission–approved tariff (the ISO tariff) and an agreement between utilities in the region (the Participants Agreement). In 2005, as required by both the ISO tariff and the Participants Agreement, ISO-NE filed with FERC under section 205 of the Federal Power Act (FPA), 16 U.S.C. § 824d, the installed capacity requirement (ICR) for the region for the 2005/2006 Power Year. The ICR "is a projection of the minimum amount of capacity required to serve load reliably in the New England region," *ISO New England Inc.*, 111 F.E.R.C. ¶ 61,185 at 61,892 (2005) ("Initial Order"), and is used to allocate the amount of generating capacity each electricity retailer must purchase in order to ensure grid reliability. *See generally Keyspan-Ravenswood, LLC v. FERC*, 474 F.3d 804 (D.C. Cir. 2007) (explaining the purpose and particulars of

installed capacity requirements).  The petitioners in this case, including Connecticut Department of Public Utility Control (DPUC), intervened in the section 205 proceeding, asserting (among other things) that FERC lacked statutory jurisdiction to regulate generation resource adequacy, a matter DPUC argued the statute leaves to the states.

In its initial order, FERC rejected DPUC's challenge to its statutory jurisdiction, ruling that the ISO tariff and the Participants Agreement granted the Commission authority to accept the ICR.  Initial Order at 61,896.  DPUC sought rehearing, pointing out that neither the ISO tariff nor the Participants Agreement could possibly grant FERC *statutory* authority to regulate generation resource adequacy.  Reiterating the reasons given in its initial order, FERC denied rehearing. *ISO New England, Inc.*, 112 F.E.R.C. ¶ 61,254 at 62,202 (2005) ("Rehearing Order").  DPUC now petitions for review.

In both its brief and at oral argument, FERC abandoned its earlier reliance on the ISO tariff and the Participants Agreement, contending instead that FPA section 201 permits the Commission to regulate generation resource adequacy because of its effect on interstate electricity transmission.  As FERC conceded at oral argument, however, this new basis for statutory authority appears nowhere in either of its orders.  *See* Oral Arg. Tr. 14 ("The Commission does not specifically explain the statutory basis for jurisdiction in the order.").  It is a fundamental precept of administrative law that we "may not accept appellate counsel's *post hoc* rationalizations for agency action."  *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1984); *see also SEC v. Chenery Corp.*, 332 U.S. 194, 196-97 (1947) ("It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive."); *SEC v.*

*Chenery Corp.*, 318 U.S. 80, 95 (1942) ("[A]n administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained.").

For several reasons, FERC insists, we should overlook its failure to set forth in either of its orders the arguments it now presents in its appellate brief.  We are unpersuaded.

First, FERC contends that DPUC should have made its jurisdictional argument when the Commission initially approved ISO-NE's tariff.   As FERC acknowledges, however, an objection to the Commission's statutory authority may be made not only when the Commission approves a tariff, but also "when the agency later utilizes [the tariff] to cause substantial injury." *See Niagara Mohawk Power Corp. v. FERC*, 452 F.3d 822, 827 (D.C. Cir. 2006).

Second, FERC asserts that it addressed DPUC's jurisdictional challenge in a parallel proceeding, *Devon Power LLC*, 107 F.E.R.C. ¶ 61,240, *on reh'g and clarification*, 109 F.E.R.C. ¶ 61,154 (2004), *on reh'g and clarification*, 110 F.E.R.C. ¶ 61,315 (2005).  Although FERC's orders in this case do discuss the *Devon Power* proceedings, they do so only in connection with other substantive issues.  The orders neither mention nor cite *Devon Power* in reference to DPUC's jurisdictional challenge.  FERC may incorporate by reference discussions in other decisions, but it must actually do so in its orders.

Third, FERC points to a single, unexplained citation to FPA section 205 in a footnote in its rehearing order.  *See* Rehearing Order at 62,202 n.18.  In this court, however, FERC argues that FPA section 201, not section 205, gives it authority to regulate generation resource adequacy.

Finally, FERC's counsel contends that the Commission had no obligation to respond to DPUC's jurisdictional argument because existing case law so clearly establishes its jurisdiction. But as we have noted, the Commission *did* respond to DPUC's argument, with a response counsel has now abandoned. Perhaps the Commission did not rely on the case law because it regarded it as unclear. Indeed, whatever the merits of counsel's position none of the cases it cites involve the same circumstances that are at issue here. *See* FERC Br. 18-19. As we have previously stated, "the bottom line is that, if the asserted conclusion were so obvious, it would have been a simple task for FERC to clearly state and support [its] view . . . . FERC did not do this, so we cannot rely on the theory now advanced by its appellate counsel." *Sithe/Independence Power Partners v. FERC*, 165 F.3d 944, 950 (D.C. Cir. 1999).

For the reasons given above, we grant the petition for review and remand to FERC for further proceedings consistent with this opinion.

*So ordered.*